## TRIANGLE UNDERWRITERS, INC., Plaintiff-Appellant-Cross-Appellee,

v.

## HONEYWELL, INC., Defendant-Appellee-Cross-Appellant.

### Nos. 1231, 1368, Docket Nos. 80–9124, 81–7072.

United States Court of Appeals, Second Circuit.

Argued May 27, 1981.

Decided June 5, 1981.

Ira W. Berman, New York City (Berman & Zivyak, P. C., New York City, Alan M. Epstein, Leo Fox, New York City, of counsel), for plaintiff-appellant-cross-appellee.

Thomas A. Shaw, Jr., New York City (Breed, Abbott & Morgan, New York City, Noah Nunberg, New York City, of counsel), for defendant-appellee-cross-appellant.

Before FEINBERG, Chief Judge, LUMBARD and MANSFIELD, Circuit Judges.

PER CURIAM:

Triangle Underwriters, Inc. (Triangle) appeals from an order of the United States

---

District Court for the Eastern District of New York, Eugene H. Nickerson, J., granting in part the motion of defendant Honeywell, Inc. for judgment notwithstanding the verdict. Honeywell cross-appeals from that portion of Judge Nickerson's order denying in part Honeywell's motion to set aside the verdict.

In 1975, Triangle commenced the present action in the Eastern District, alleging nine counts of fraud and breach of contract against Honeywell and a related corporation, in connection with installation of a data processing system for Triangle in 1970. The gist of Triangle's complaint was that the system installed by Honeywell was defective, causing substantial damage to Triangle, eventually forcing it out of business in 1975. On Honeywell's motion for summary judgment, the district court dismissed all the counts of Triangle's complaint as barred by the applicable statute of limitations. *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 457 F.Supp. 765 (E.D.N.Y. 1978). This court affirmed the dismissal as to counts two through nine, but reversed and remanded for trial on count one, which alleged fraud in the inducement of the contract. *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737 (2d Cir. 1979).

After a trial on the sole remaining count before Judge Nickerson, the jury returned a verdict for Triangle. In response to special interrogatories, the jury found that Honeywell did fraudulently induce Triangle to enter into the contract, and was thereby liable for $1,089,000 in damages proximately caused by this action: $35,000 for the difference between the price Triangle paid for the computer system and its actual value to Triangle; $54,000 for Triangle's hiring of an independent data consultant in 1974; and $1 million for the termination of Triangle's business in 1975. In a memorandum opinion, dated November 26, 1980, Judge Nickerson granted Honeywell's motion to set aside the latter two items of damages (totaling $1,054,000) on the ground that even if the evidence is examined in the light most favorable to the plaintiff, Triangle had not sustained its burden of proving that its hiring of a data consultant and the termination of its business were proximately caused by Honeywell. The district court refused to set aside the jury's finding of fraud on the $35,000 portion of the damage award. This appeal followed.

We affirm the decision of the district court, for the reasons given in Judge Nickerson's opinion.